## Searles *v.* Mann Boudoir Car Co.

*(Circuit Court, S. D. Mississippi, W. D. March 5. 1891.)*

1. CARRIERS OF PASSENGERS—SLEEPING-CARS—SALE OF BERTHS.
    A sleeping-car company has the right to sell a whole section to one person, and no cause of action arises from the refusal of its conductor to sell the upper berth in such section to another passenger, though that berth was in fact unoccupied.
2. SAME.
    Where a berth in a sleeping-car has been sold for occupancy to a certain point, no cause of action arises for the refusal of the conductor, before that point is reached, to sell another person a ticket entitling him to such berth from there to the end of the journey.

At Law.

Action to recover damages for alleged wrongful refusal of defendant's conductor to sell plaintiff a berth in a sleeping-car. On the 30th day

of June, 1888, plaintiff entered defendant's sleeping-car at Meridian, Miss., and applied to the sleeping-car conductor for a berth. He received answer that all the space was sold, and he could not be accommodated. He claimed there was a vacant upper berth that he should have. This upper berth was part of a section that had been bought by a Mr. Watson, to whom plaintiff applied for the upper berth, and was refused. There was a rule of defendant company to the effect that no one party could retain an entire section when there were applicants for berths.

*Henry & Thompson* and *M. Marshall*, for plaintiff.

*Birchett & Shelton* and *John S. Runnells*, for defendant.

HILL, J., (*charging jury.*) The issues which you are to determine from the evidence, are: *First.* Did the conductor of the sleeping-car then owned and operated by the defendant company unlawfully and wrongfully refuse to sell to the plaintiff a ticket entitling him to the use and occupation of one berth in said car from Meridian, in this state, to Cincinnati, in the state of Ohio, as alleged in the declaration, and denied in the plea of defendant? To entitle the plaintiff to a verdict in his favor the burden is upon him to reasonably satisfy you from the evidence that the conductor then in charge of said car did unlawfully and wrongfully refuse to sell plaintiff such ticket, and place him in possession of one berth in said car. The uncontradicted testimony is that soon after the train to which the sleeper was attached left Meridian the plaintiff did apply to the conductor for a berth in the sleeper from Meridian to Cincinnati, and tendered him the money for the fare; to which the conductor replied that he had no vacant berth at his disposal, but that there was one berth in a section, (or room, as they are constructed on this class of sleepers,) all of which section had been purchased and paid for in New Orleans, and which upper berth was not then occupied by the purchaser, and who had only purchased the berth to Birmingham, Ala.; that if plaintiff would apply to Mr. Watson, the purchaser and occupant, he thought he would let plaintiff have it; to which plaintiff replied that he had the right to it, and demanded it on such right; to which the conductor replied that Mr. Watson had the right to its use to Birmingham, and that he could not deprive him of it, but that he would ask him for it for the use of the plaintiff. He did so apply, and Watson refused to surrender the use of the berth to the plaintiff. These facts being admitted, you are instructed that the defendant company had the right to sell the use of the whole section or room to Watson, and, having done so, and received the pay for it, Watson was entitled to the use of the entire section for himself and such other persons as he might choose, and who was otherwise a proper person to occupy the sleeper to Birmingham, Ala., and that the conductor was guilty of no wrong in refusing to sell the use of this berth to the plaintiff, and put him in possession of it; and therefore you are instructed to return your verdict in favor of the defendant on the issue on the first count in the declaration.

The *second* issue which you will determine from the evidence is:   Did the conductor unlawfully and wrongfully refuse to sell the plaintiff a ticket entitling him to the use of one berth on the sleeper from Birmingham to Cincinnati, as alleged in the second count in the declaration, and denied by the plea of the defendant?   The burden of proving this allegation in the plaintiff's declaration is on him.   There being some conflict in the testimony on this point, you are instructed that, while the conductor might have sold to plaintiff a ticket entitling him to the use of this berth from Birmingham to Cincinnati before reaching the former place, he was not under any obligation to do so, and his refusal so to do created no liability upon the defendant; but that, when the train arrived at Birmingham, and Watson's right of occupancy had ceased, and the plaintiff had applied for this or any other vacant and unoccupied berth in the sleeper, and tendered the usual fare for the use of it, and was refused by the conductor, then such refusal would have been wrongful, and the finding on this issue should be for the plaintiff, and entitle him to such reasonable, actual damages as in your judgment, from the proof, he has sustained by reason of being deprived of the use of the berth from Birmingham to Cincinnati, less the amount of the fare. You are further instructed that if the proof shows that application had been made for a berth in the sleeper by another man at Meridian, before the plaintiff made application, then the conductor had the right to sell the ticket for the berth to him in preference to the plaintiff.   You are the sole judges of the weight to be given to the testimony of the witnesses on both sides.   You will reconcile any conflict that may exist in the testimony of the witnesses, if you can; if not, then you will determine from all the testimony which most probably gave the facts truly. In considering the testimony you will consider the interest each witness may have in the result of your verdict, the manner in which they have testified, and the reasonableness of their statements in connection with all the testimony.

The jury returned a verdict in favor of defendant on both counts of the declaration.